UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANA WILLIAMS** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **ST. TAMMANY PARISH HOSPITAL SERVICE DISTRICT NO. 1** *d/b/a* **ST. TAMMANY PARISH HEALTH SYSTEM** | * * * * | **MAGISTATE:** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff, DANA WILLIAMS, through undersigned counsel, files this Complaint and sues ST. TAMMANY PARISH HOSPITAL SERVICE DISTRICT NO. 1, *d/b/a* ST. TAMMANY PARISH HEALTH SYSTEM, for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), the federal Pregnancy Discrimination Act, 42 U.S.C. § 2000e, *et seq.* ("PDA"), and Louisiana Pregnancy Accomodation law, La. R.S. § 23:341, *et seq.*, and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under state law, as well as for violations of the Americans with Disabilities Act, 42 U.S.C. § 12112, *et seq.*, and the federal Pregnancy Discrimination Act, 42 U.S.C. § 2000e, *et seq*. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and with supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all events giving rise to this lawsuit occurred in St. Tammany Parish, State of Louisiana.

## PARTIES

1

3. Plaintiff, DANA WILLIAMS, is a resident of Washington Parish, State of Louisiana.

4. St. Tammany Parish Hospital Service District No. 1, *d/b/a* St. Tammany Parish Health System, is a Louisiana political subdivision which operates St. Tammany Parish Hospital in St. Tammany Parish, State of Louisiana.

## ADMINISTRATIVE REMEDIES

5. Ms. Williams has exhausted all required administrative remedies prior to the filing of this suit.

6. On February 9, 2023, Plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") (Charge No. 461-2023-00542).

7. On January 17th, 2024, the EEOC concluded its investigation and issued a Right to Sue Letter to Ms. Williams, a copy of which is attached hereto.

## FACTS

8. In or around July of 2022, Ms. Williams was hired by Defendant. Her primary employment duty was to clean hospital rooms at St. Tammany Parish Hospital. Ms. Williams earned approximately $13/hour at this job.

9. Shortly after Ms. Williams was hired, she discovered that she was pregnant.

10. She began receiving prenatal care from one Dr. Kevin Plaisance in Covington, Louisiana.

11. Dr. Plaisance advised her that, because of health issues she had, that she had an increased risk of pregnancy complications if she were to become ill with any respiratory illness during her pregnancy, and specifically advised that she not clean the rooms of COVID-19 patients at her job.

2

12. On October 3rd, 2022, Dr. Plaisance provided her with a note stating that "she has been advised to avoid cleaning COVID patient rooms during her pregnancy."

13. On or about October 6th, 2022, Ms. Williams gave this note to her direct supervisor, Desiree Wright, and explained that based upon the advice of her doctor she would no longer clean the rooms of COVID-19 patients. Ms. Williams also emailed this note to the Human Resources Department of St. Tammany Hospital.

14. Ms. Williams expressed that she was still willing and able to clean all other rooms she was assigned to clean.

15. Ms. Williams was fired on the same day that she provided the doctor's note to her employer.

16. As a result of abruptly losing her employment, Ms. Williams suffered significant financial hardship.

17. Following the termination of her employment with Defendant, Ms. Williams applied for numerous new jobs, but was unemployed for a period of roughly six and a half months.

18. During this time, Ms. Williams struggled to pay her bills.

19. This period of time was extremely stressful for her. She was placed in a position of relying on loans from friends and family to provide for her herself and her newborn baby, and on the good graces of her landlord to avoid eviction and homelessness. This situation caused substantial emotional pain and suffering.

**COUNT I – VIOLATION OF TITLE I OF THE ADA**

20. The Defendant is an employer within the meaning of the ADA and at all relevant times herein employed more than 25 persons.

21. Under the ADA, an employer must make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship." 42 U.S.C § 12112(b)(5)(A).

22. The term "undue hardship" means an action requiring significant difficulty or expense, when considering:

    (i)   the nature and cost of the accommodation needed under this chapter;

    (ii)  the overall financial resources of the facility or facilities involved in the provision of the reasonable accommodation; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such accommodation upon the operation of the facility;

    (iii) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and

    (iv)  the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative, or fiscal relationship of the facility or facilities in question to the covered entity. 42 U.S.C § 12111(10).

23. Although pregnancy alone is insufficient to qualify as a "disability" under the ADA, impairments related to pregnancy may qualify as disabilities. *See, e.g., Darian v. University of Massachusetts Boston*, 980 F.Supp. 77, 85–86 (D.Mass.1997) (discussing cases in which pregnancy-related symptoms were or were not disabilities under the ADA); *Gabriel v. City of Chicago*, 9 F.Supp.2d 974, 982 (N.D.Ill.1998) (reasonable

4

jury could find major life activity of standing was substantially limited when back and stomach pains and swollen feet prevented standing for long periods of time for six months of a seven-month long pregnancy); *see also* EEOC *Enforcement Guidance on Pregnancy Discrimination and Related Issues*, Title VII, 29 CFR Part 1604, June 25, 2015, which states, "some pregnant workers may have impairments related to their pregnancies that qualify as disabilities under the ADA . . . it is likely that a number of pregnancy-related impairments that impose work-related restrictions will be substantially limiting, even though they are only temporary." https://www.eeoc.gov/laws/guidance/enforcement-guidance-pregnancy-discrimination-and-related-issues.

24. Ms. Williams high-risk pregnancy for which a COVID infection would have greatly increase the risk of pregnancy-related complications constituted a "disability" as defined by the ADA.

*25.* Ms. Williams request to her employer on or about October 3, 2024, to avoid the cleaning of COVID patient rooms during her pregnancy constituted a request for reasonably accomodation under the ADA. *See* 42 U.S.C § 12112 (b)(5)(A).

*26.* At this time, Defendant assumed a duty to provide "reasonable accomodation" unless doing so would create an "undue hardship." *See* 42 U.S.C § 12112 (b)(5)(A).

27. It would not have imposed an "undue hardship" on the Defendant to adjust the cleaning room assignments given to Ms. Williams so that she would no longer be tasked with cleaning the rooms of COVID-19 patients during the course of her pregnancy pursuant.

28. Defendant's failure to provide reasonable accommodation violated the above-cited provisions of the ADA.

29. Ms. Williams is entitled to have her reasonable attorney's fees, costs, and expenses paid by Defendant for the bringing of her ADA claim pursuant to 42 U.S.C. § 12205.

## COUNT II – VIOLATION OF THE FEDERAL PREGNANCY DISCRIMINATION ACT

30. Title VII of the Civil Rights Act of 1964 forbids a covered employer to "discriminate against any individual with respect to ... terms, conditions, or privileges of employment, because of such individual's ... sex." 42 U.S.C. § 2000e–2(a)(1).

31. In 1978, Congress enacted the Pregnancy Discrimination Act, which added that sex discrimination under Title VII includes discrimination "on the basis of pregnancy, childbirth, or related medical conditions." § 2000e(k).

32. Pregnant women "shall be treated the same for all employment-related purposes ... as other persons not so affected but similar in their ability or inability to work." § 2000e(k).

33. Defendant's decision to terminate Ms. Williams employment constituted unlawful pregnancy discrimination in violation of 42 U.S.C. § 2000e, *et seq.*

## COUNT III – VIOLATION OF LOUISIANA PREGNANCY ACCOMODATION LAW

34. La. R.S. § 23:341, *et seq.,* is intended to protect employees from discrimination on the basis of "pregnancy, childbirth, or related medical conditions."

35. Pursuant to this law, "pregnancy, childbirth, and related medical conditions are treated as any other temporary disability, except pregnancy-related conditions need not meet any definition of disability." La. R.S. § 23:341.

36. An "employee with covered limitations" means an employee with medical needs causing limitations arising from pregnancy, childbirth, or related medical conditions, where such limitations are known to the employer. La. R.S. § 23:341.1(B)(1).

37. An employer's refusal "to make reasonable accommodations" for pregnant employees is unlawful, "unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the employer." La. R.S. § 23:342(B)(1).

38. It is also unlawful for an employer to take "adverse action against an employee with covered limitations in the terms, conditions, or privileges of employment for requesting or using a reasonable accommodation to the known limitations for medical needs arising from pregnancy, childbirth, or related medical conditions." La. R.S. § 23:342(B)(5).

39. "Reasonable accomodation" is not limited to, but may include "temporarily transferring the employee to a less strenuous or hazardous vacant position, if qualified; providing job restructuring or light duty, if available; acquiring or modifying equipment or devices necessary for performing essential job functions; or modifying work schedules." La. R.S. § 23:341.1(B)(2)(b).

40. "Undue hardship" under this law has the same meaning as the meaning given to it under the ADA. La. Stat. Ann. § 23:341.1 (B)(4).

41. Ms. Williams "at-risk" pregnancy, which was known to her employer, qualified her as an "employee with covered limitations" pursuant to La. R.S. § 23:341.1(B)(1).

42. Ms. Williams request to continue cleaning rooms except for those rooms that held COVID-19 patients was a request for "reasonable accommodation" pursuant to La. R.S. § 23:341.1(B)(2)(b).

43. It would not have imposed an "undue hardship" on the Defendant to adjust the cleaning room assignments given to Ms. Williams so that she would no longer be tasked with

cleaning the rooms of COVID-19 patients during the course of her pregnancy pursuant to La. R.S. § 23:341.1 (B)(4).

## PRAYER FOR RELIEF

WHEREFORE, Ms. Williams prays for a judgment against Defendant, and requests that after due proceedings have occurred, a Judgment be rendered in favor of Plaintiff, awarding to Ms. Williams:

(a) Compensatory damages for lost wages;

(b) Compensatory damages for financial losses incurred as a diret result of Defendant's unlawful action;

(c) Damages for pain and suffering;

(d) Costs and attorney's fees associated with the bringing of this action; and

(e) Any other relief which this Court deems just, necessary, and proper.

Respectfully submitted,

*Matthew S. Foster*
_____
Matthew Scott Foster, #36848
Perry R. Staub, #12414
**Taggart Morton, LLC**
1100 Poydras Street, Suite 2100
New Orleans, LA 70163-2100
Telephone: (504) 599-8500
Facsimile: (504) 599-8501
mfoster@taggartmorton.com
pstaub@taggartmorton.com
**ATTORNEYS FOR PLAINTIFF**